IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVE PRINCE HOBBS                                                            PLAINTIFF

vs.                                          4:11-CV-00417-BRW

UNITED STATES OF AMERICA                                                      DEFENDANT

## ORDER

Pending is Defendant's Motion for Summary Judgment (Doc. No. 10).  Plaintiff has not responded, and the time for doing so has passed.[1]  For the reasons set out below, Defendant's Motion is GRANTED.

**I.     SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[2]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[3]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[4]  Nevertheless, summary judgment promotes judicial economy by

---

[1] Any response was due by August 23, 2012.

[2] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[4] *Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

1

preventing trial when no genuine issue of fact remains.[5]  I must view the facts in the light most favorable to the party opposing the motion.[6]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[7]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[8]

## II.   BACKGROUND

Plaintiff, a United States Army veteran who fought in Vietnam, was a patient at the Veterans Administration Hospital in Little Rock, Arkansas.[9]  Plaintiff was prescribed Lisinopril, and another medication, to control his hypertension.  On April 28, 2009, Plaintiff was admitted to the emergency room after a car wreck.  Apparently, Plaintiff was coughing and blacked out, and then struck a retaining wall.

Plaintiff alleges that the Lisinopril he was prescribed for his high blood pressure caused the coughing, which caused him to black out, which in turn caused the accident.  Plaintiff sued

---

[5]*Id.* at 728.

[6]*Id.* at 727-28.

[7]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[8]*Anderson*, 477 U.S. at 248.

[9]Doc. No. 1.

the United States for medical negligence under the Federal Tort Claims Act.[10]  The Government asks that summary judgment be entered in its favor;[11] Plaintiff has not opposed the Government's Motion.

### III.   DISCUSSION

The Government asserts that proximate cause is lacking in this case, and that Plaintiff has failed to establish the standard of care for this locality.  I agree.

In actions brought under the Federal Tort Claims Act, courts must apply the law of the state in which the acts complained of took place.[12]  Because the acts Plaintiff complains of occurred in Arkansas, Arkansas law applies.  Under Arkansas law, a plaintiff alleging medical malpractice has to burden of proving, through "expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred."[13]  In other words, Plaintiff must prove that but-for the Lisinopril, he would not have coughed on April 28, 2009.  But Dr. Lige Rushing, Plaintiff's only expert witness, cannot rule out Plaintiff's smoking as the cause of the April 28, 2009, cough.[14]

With respect to the standard of care, the expert who testifies must be able to speak to the standard of care "in the locality in which he or she practices or in a similar locality . . . ."[15]  Plaintiff's expert is an internal medicine and rheumatology physician practicing in Dallas, Texas.  Dr. Rushing is not familiar with the Veterans Affairs medical practice in Arkansas, he does not

---

[10] 28 U.S.C. § 2671 *et seq*.

[11] Doc. No. 10.

[12] See *Goodman v. United States*, 2 F.3d 291, 292 (8th Cir. 1993).

[13] Ark. Code Ann. § 16-114-206(a)(3).

[14] Doc. No. 15.

[15] Ark. Code Ann. § 16-114-206(a)(1).

3

practice here, and he has not been given any information about the local medical community and practice.[16] Based on the record, Plaintiff's proof regarding the degree of skill and learning used by Central Arkansas Veterans Healthcare System practicing in North Little Rock, Arkansas, fails.

Defendant's arguments are well taken, and Plaintiff has not opposed them. Accordingly, Defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED.

IT IS SO ORDERED this 11th day of September, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[16] Doc. No. 15.